OPINION
{¶ 1} This matter is before the court on a brief filed pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, 18 L.Ed.2d 493, in which Defendant's appellate counsel represents that he could find no meritorious error for appellate review. We notified Defendant of his appellate counsel's representations and afforded him an opportunity to file a brief pro se. None has been filed. The case is now before us for our independent review of the record. Penson v. Ohio (1988),488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.
 {¶ 2} Defendant's appellate counsel proposed two potential assignments of error. Both concern the sentence the trial court imposed on Defendant's guilty plea to a charge of domestic violence. R.C. 2919.25(A). Because of Defendant's two prior domestic violence convictions, the offense is classified as a felony of the third degree. R.C. 2919.25(D)(4). Third degree felonies are punishable by terms of imprisonment of one, two, three, four, or five years. R.C. 2929.14(A)(3). The court sentenced Defendant to serve a two year term.
 {¶ 3} Defendant's appellate counsel suggests that Defendant's trial counsel was constitutionally ineffective per Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, for having promised Defendant that he would be sentenced to a one year prison term if community control sanctions were not imposed, rendering Defendant's guilty plea from which his two-year sentence resulted less than knowing, intelligent and voluntary. Counsel also suggests that the trial court erred when it imposed a greater than minimum sentence absent the findings required by R.C. 2929.14(B).
 {¶ 4} The record does not support the contention that Defendant's attorney assured him he would receive a lesser sentence. If any such promise was made off the record, the related claim of ineffective assistance must be prosecuted through an R.C. 2953.21 petition for post-conviction relief. However, the basis for the contention may be avoided by further proceedings ordered for the reasons discussed below.
 {¶ 5} R.C. 2929.14(B) permits the court to impose a greater than minimum term of imprisonment on one of several alternative findings. One of those is that a defendant "previously had served a prison term." R.C. 2929.14(B)(1). The indictment to which Defendant entered his guilty plea charged that Defendant previously had been convicted of or pled guilty to domestic violence. Though the court made no express findings to support the sentence it imposed, the court may have construed Defendant's plea to be an admission which permits the finding contemplated by R.C. 2929.14(B)(1), that he previously had served a prison term. For these purposes, a court may find that a defendant had previously been convicted. Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. However, a prior conviction does not necessarily show that a defendant previously served a prison term.
 {¶ 6} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court applied the rule of Blakely to hold: "Because R.C. 2929.14(B) and 2929.19(B)(2) require judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, they are unconstitutional." Id., paragraph one of the Syllabus by the Court, citing Blakely and Apprendi v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. The court further held that a sentence imposed pursuant to those sections must be vacated and resentencings conducted, in which the statutory findings need not be made to impose a sentence within the ranges allowed by R.C. 2929.14(A)(1)-(5).
 {¶ 7} Because Defendant Goldick's greater than minimum sentence is valid only if predicated on one of the findings required by R.C. 2929.14(B), we are mandated by Foster to reverse and vacate the sentence the court imposed and remand the case for resentencing. That renders moot the particular error which Defendant's appellate counsel suggested in his appellate brief.
 {¶ 8} We have reviewed the record of the proceeding in which Defendant's guilty plea was entered and accepted and we find no error portrayed.
 {¶ 9} Defendant Goldick's sentence will be reversed and vacated, and the case remanded for resentencing.
Brogan, J. And Donovan, J., concur.